## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **DENNIS JACKSON,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. CIV-14-141-STE |
| ) | |
| **CAROLYN W. COLVIN, Acting** ) | |
| **Commissioner of the Social Security** ) | |
| **Administration,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed the administrative record (hereinafter TR. ____). Both parties to the proceedings have consented to the exercise of jurisdiction by a United States Magistrate Judge to order the entry of judgment. Upon review of the pleadings, the record, and the parties' briefs, it is the opinion of this court that the Commissioner's decision must be **AFFIRMED**.

### I.  Procedural Background

Plaintiff's applications for benefits were denied initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. (TR. 19-28). The Appeals Council denied Plaintiff's request for review, thus the ALJ's decision became the final decision of the Commissioner. This judicial appeal followed.

## II. The Administrative Decision

The Commissioner followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. § 416.920. The ALJ first determined Plaintiff had not engaged in substantial gainful activity since September 9, 2010, the alleged disability onset date. At step two, the ALJ determined Plaintiff has the following severe impairments: bipolar disorder, depression, degenerative disc disease and anxiety disorder. (TR. 21). At step three, the ALJ found Plaintiff's impairments do not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. (TR. 21-22).

At step four, the ALJ found Plaintiff could not perform his past relevant work. (TR. 26). The ALJ further found Plaintiff has the residual functional capacity (RFC) to perform the full range of medium work. The ALJ further found that Plaintiff has diminished concentration; and that he must work in relative isolation with limited contact with peers and coworkers. (TR. 22).

At step five, the ALJ applied the Medical Vocational Rules (Grids), as a framework for decision making and obtained the testimony of a vocational expert (VE) who testified that Plaintiff can perform the jobs of janitor, grounds maintenance and laundry worker, all of which exist in significant numbers in the national economy (TR. 27). Accordingly, Plaintiff was found to be not disabled from September 9, 2010, the alleged onset date, through October 26, 2012, the date of the ALJ's decision. (TR. 27-28).

### III. Issues Presented

Plaintiff raises two arguments on appeal. First, Plaintiff contends the ALJ failed to properly weigh the medical evidence in the record because he did not specify the weight he was giving to each physician opinion. Second, Plaintiff argues the ALJ erred in his analysis of Plaintiff's credibility.

### IV. Standard of Review

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir. 2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

### V. Analysis

#### A. Weighing of Medical Evidence

In his initial argument, Plaintiff contends that this case should be remanded for further consideration because the ALJ failed to specify the weight he was giving to each physician's opinion. (ECF No. 16:5-10). In each decision, the ALJ must explain the weight given to the opinions from treating sources, nontreating sources and other examining and nonexamining sources. 20 C.F.R. § 416.927(e)(2)(ii). However, the requirement to specify how much weight is given to each individual opinion is weakened when the ALJ's assessment of the plaintiff's RFC is consistent with the plaintiff's medical records. *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1162-63 (10th Cir.

2012). With the exception of minor inconsistencies discussed below, Plaintiff does not specify any substantive differences between the ALJ's RFC and the medical opinions in the record that could have affected the final decision in this matter.

Plaintiff contends the ALJ gave greatest weight to the opinion of Dr. Wainner, a consulting physician, based on the fact that the ALJ's RFC determination matched Dr. Wainner's findings. He also alleges that Dr. Wainner's report is internally inconsistent because Dr. Wainner references Plaintiff's history of shoulder impingement but does not list any specific limitations related to the same. (ECF No. 16:6) (TR. 375-81). Plaintiff is correct that the ALJ discussed Dr. Wainner's report but never explicitly stated what weight he was assigning to it. However, regardless of whether the ALJ was giving controlling or some other weight to Dr. Wainner's findings, there is no error because the record does not contain any conflicting findings from any other physician.

Plaintiff also argues that the ALJ should not have relied on Dr. Wainner's findings because Dr. Wainner indicated Plaintiff had a shoulder impingement but did not indicate any corresponding physical limitation. (ECF No. 16:6). Dr. Wainner stated that Plaintiff's primary complaint was chronic low back pain and degenerative disc disease. (TR. 374). He also noted that Plaintiff's medical records showed that on March 10, 2011, Dr. Le found Plaintiff was suffering from a shoulder impingement. (TR. 375). However, even Dr. Le's records did not indicate that Plaintiff was physically limited as a result. (TR. 231). Indeed, Dr. Le examined Plaintiff on that date and found that he had full range of

motion for both shoulders, elbows and wrists. (TR. 233). Thus, to the extent the ALJ relied upon Dr. Wainner's same conclusion in this regard, there is no error.

Dr. Wainner did indicate that Plaintiff should be limited to only occasional stooping. (TR. 376). Plaintiff argues the ALJ erred because he did not include 'occasional stooping' in his RFC determination, but instead included occasional kneeling. (ECF No. 16:5). In response, the Commissioner argues that the omission of Dr. Wainner's "occasional stooping" limitation is not an error because such a limitation is not supported by the remaining record. (ECF 17:9). The court agrees.

With the exception of Dr. Wainner's report, none of Plaintiff's medical records support an occasional stooping limitation, and Plaintiff does not claim otherwise. Indeed, the record shows that although Plaintiff has had problems with lower back pain, no physician has indicated long term limitations exist as a result. Further, Plaintiff completed a Function Report in November 2010, in which he indicated that he did not suffer from any limitations related to his ability to lift, squat, bend, stand, reach, walk, sit or kneel. (TR. 154). Simply because one consultative physician found that Plaintiff's RFC should include a limitation of occasional stooping does not mean the ALJ was required to adopt the same. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

### B.  The ALJ's Credibility Analysis

The standard for evaluating the effects of subjective symptoms on a claimant's ability to work is well established. The ALJ must consider (1) whether the claimant has established the existence of a medically determinable physical or mental impairment

that could reasonably be expected to produce the claimant's pain, (2) if so, whether there is at least a "loose nexus" between the impairment and the claimant's subjective allegations, and (3) if so, whether, considering all of the evidence, both objective and subjective, the claimant's symptoms are in fact disabling. *Luna v. Bowen*, 834 F.2d 161, 163-65 (10th Cir. 1987). Further, credibility determinations are peculiarly within the province of the finder of fact and should not be upset when they are supported by substantial evidence. *Diaz v. Sec'y of Health & Human Servs.*, 898 F.2d 774, 777 (10th Cir. 1990).

At his administrative hearing, Plaintiff testified that he suffers from fecal incontinence as a result of medication he takes related to previous constipation problems. (TR. 41-42). He further testified that this has been occurring for approximately two years. (TR. 42). On appeal, Plaintiff contends the ALJ erred by not including this factor in his hypothetical to the VE. (ECF No. 16:7). However, while there are medical records indicating Plaintiff suffered from significant constipation problems during various months in 2011 (TR. 261, 263, 265-66, 296-297, 390-91, 394, 397), there are no records indicating Plaintiff has reported to and/or sought treatment from any medical provider or examiner related to fecal incontinence. This court's review is focused on whether substantial evidence supports the ALJ's determination by looking at the record as a whole. It is well settled that the hypothetical questions to the VE "must include all (and only) those impairments borne out by the evidentiary record." *Evans v.*

*Chater*, 55 F.3d 530, 532 (10th Cir. 1995). Thus, the ALJ's decision to not include fecal incontinence in his hypotheticals to the VE does not constitute error.

Similarly, Plaintiff also argues that the ALJ should have addressed his "history of vertigo with situational stress reaction." (ECF No. 16:8). The Tenth Circuit has "repeatedly held" that ALJ's are not "entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." *Chapo v. Astrue*, 682 F.3d 1285, 1292 (10th Cir. 2012) (citing *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (following *Robinson v. Barnhart*, 366 F.3d 1078, 1083 (10th Cir. 2004) and *Hamlin v. Barnhart*, 365 F.3d 1208, 1219 (10th Cir. 2004)). On the other hand, the ALJ is not required to discuss in detail each piece of evidence in the record. *See Clifton v. Chater*, 79 F.3d 1007, 1009–1010 (10th Cir. 1996) ("The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence.").

Plaintiff's medical records include one reference to vertigo, which occurred in February 2010. (TR. 215). There are no other medical records indicating Plaintiff ever experienced or reported experiencing any additional problems of this nature after February 2010. Thus, the court finds the ALJ did not err in not discussing this evidence in his decision.

Additionally, Plaintiff argues the ALJ failed to properly assess his mental impairments and related subjective complaints. (ECF No. 16:8). The ALJ discussed an array of both treatment records and consultative examination records related to

Plaintiff's mental impairments. (TR. 22-26, 216, 219, 230-31, 235-37, 241-43, 245-57, 342-60, 362-66). These records are consistent with each other and with the ALJ's RFC determination. (TR. 22-26, 216, 219, 230-31, 235-37, 241-43, 245-57, 342-60, 362-66). As the ALJ noted, Plaintiff's treating physicians and consultative examiners found that Plaintiff suffered from bipolar disorder, depression and/or generalized anxiety disorder. (TR. 22-24). However, Plaintiff's records, including those from Plaintiff's treating physicians, do not indicate that these impairments result in limitations that are inconsistent with the ALJ's determined RFC, nor does Plaintiff contend that they do.

Finally, Plaintiff urges this court to remand this case because the ALJ's decision sets forth the RFC finding before discussing the factors that go into making that finding, including the credibility determination. (ECF 16:10-11). Specifically, Plaintiff states, "The problem with the ALJ's analysis of [Plaintiff's] credibility is that he should have *first* evaluated [Plaintiff's] testimony (along with all the other evidence) according to the guidelines *and only then* formulated an appropriate RFC, not the other way around, *i.e.*, the ALJ apparently judged the credibility of [Plaintiff's] testimony by comparing it to a pre-determined RFC. … [T]he way the ALJ did it was all wrong." *Id.* (emphasis in original; footnote omitted) (citing *Bjornson v. Astrue*, 671 F.3d 640, 645-46 (7th Cir. 2012) (corrected citation provided)).

As discussed above, in his credibility assessment, the ALJ set forth relevant medical evidence and compared it with Plaintiff's subjective complaints. (TR. 22-26). Granted, the ALJ did not engage in a formalistic factor-by-factor recitation of the

evidence, but he was not required to do so. *Keyes-Zachary*, 695 F.3d at 1167. The court can follow the ALJ's reasoning and can determine that he applied the correct legal standards, therefore, there is no error. *Id.* at 1166-67. An ALJ is required to provide meaningful review of the record, as well as thoroughly explain and support his findings. *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005). The Tenth Circuit has repeatedly rejected an application of those requirements that "would lead to unwarranted remands needlessly prolonging administrative proceedings." *Walls v. Astrue*, 561 F.3d 1048, 1069 (10th Cir. 2009). The ALJ's reasoning in this matter is extensive and well supported. This court is not going to remand a proceeding simply for the sake of rigidity.

## CONCLUSION

The factual findings are supported by substantial evidence in the record and the correct legal standards were applied, thus the final decision of the Commissioner must be **AFFIRMED**. Judgment will be entered accordingly.

**ENTERED** on March 13, 2015.

_____
SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE